**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | No. 06-20047-04-CM |
| ) | |
| **ZACHARY L. K. WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 16, 2008, a jury convicted defendant Zachary L. K. Williams, of three counts against him in the Third Superseding Indictment. (Doc. 399.) These convictions included one count of conspiracy to manufacture, distribute and possess with intent to distribute more than fifty grams of cocaine base, or "crack" cocaine; and two counts of possession with intent to distribute cocaine base, "crack." In answer to two special questions, the jury also found beyond a reasonable doubt that defendant conspired to manufacture or distribute cocaine base, "crack," within 1,000 feet of a public elementary school, and that the overall scope of the conspiracy was to manufacture or distribute an amount of fifty or more grams. The matter is now before the court on Defendant's Motion for New Trial (Doc. 404).

In considering a motion for new trial, the court has broad discretion, which will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error that would require

reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). The burden of proving that a new trial is warranted rests on the defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

Without elaboration, defendant raises four claims of error in support of his motion for a new trial: (1) error in denying defendant's motion to dismiss for violation of double jeopardy; (2) error in admitting evidence relating to a March 8, 2006 traffic stop in Clewiston, Florida; (3) error in denying defendant's motion to dismiss for failure to establish defendant's identity; and (4) the verdict was based on insufficient evidence or was against the weight of evidence adduced at trial.

**A.     Motion to Dismiss Based on Double Jeopardy**

The Fifth Amendment protection against double jeopardy provides that no person shall be twice put in jeopardy of life or limb for the same offense. It is well established that jeopardy attaches in a jury trial when the jury is empaneled and sworn, and it is not essential that a verdict be returned for the Fifth Amendment to bar a second trial on the same charge. However, the Double Jeopardy Clause permits retrial following a mistrial when, "taking all the circumstances into consideration, there is a manifest necessity for the [mistrial]." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580 (1824).

All three defendants—Terry J. McIntyre, Jr., Johnnie K. Williams, III, and defendant Zachary Williams—objected to a mistrial being declared in their cases. Pursuant to Rule 26.3 and its constitutional obligations to the parties, the court went to great lengths to discover and evaluate

all possible options for continuing. The court observed the first trial and is intimately aware of the circumstances surrounding the declaration of a mistrial for McIntyre, as well as Zachary Williams and Johnnie Williams. The court's findings and rulings are well documented in the record.

At the first trial, this court has previously found that a mistrial was a manifest necessity for all defendants in this case. After a hearing, it affirmed this finding in ruling on defendant Zachary Williams' Motion to Dismiss based on Double Jeopardy Violation. (Doc. 348.) For the reasons previously set out on the record, the court concludes that there was no error in denying defendant's motion to dismiss.

**B.     Suppression of Evidence Related to Traffic Stop**

Defendant argues a new trial is warranted because "[t]he court erred in admitting, over defendant's objection and pursuant to a written motion in limine, evidence of a traffic stop occurring in Clewiston, Florida on March 8, 2006." Although defendant points to no specific error, a background of the dispute over this evidence is warranted.

Prior to the first trial, defendant filed a motion in limine seeking to exclude any evidence of defendant's "alleged involvement in . . . illegal drug activity in Florida." (Doc. 277.) The traffic stop now contested was not specifically identified. At a motions hearing held March 28, 2008, the government misidentified the evidence as having occurred outside the time frame of the alleged conspiracy, and therefore represented that the government would not seek to admit such evidence in its case-in-chief. To that extent, the motion was granted.[1] (Doc. 279). During opening statement at the first trial, defense counsel told the jury there was no evidence that defendant Zachary Williams had ties to a crack distribution conspiracy; he represented there were "no car stops where he's in a

---

[1] Although the docket entry for the hearing reflects that the motion was denied as moot, the court orally granted the motion at the hearing. But the court's ruling had little practical impact, as the parties agreed regarding the admissibility of the evidence.

car with drugs, no car stops where he's in a car with guns . . . no nothing." The government produced evidence of the March 8, 2006 stop. However, before the court could hear argument on its admissibility to refute defense counsel's assertions, other events necessitated a mistrial.

In regard to this trial, defendant filed a motion in limine (Doc. 346) seeking to preclude the government from introducing, among other things, evidence of the March 8, 2006 traffic stop in Clewiston, Florida. During this stop, defendant made certain statements against his interest and was found with crack cocaine, a firearm, and marijuana. At a motions hearing held November 5, 2008, defendant argued that the court had previously granted a motion in limine to exclude this evidence; the evidence had no probative value concerning the Kansas conspiracy; and that reference to it in this trial would prejudice him.

The government, on the other hand, asserted that it had been mistaken about the date of the stop, and that, because it did occur during the time frame of the alleged conspiracy, the evidence was admissible in its case-in-chief as relevant and probative evidence of defendant's involvement in the alleged conspiracy.

The court withheld a ruling, noting that the balancing of the probative value against the danger of unfair prejudice may depend on the situation at trial. Fed. R. Crim. P. 403. When, during its case-in-chief, the government sought to introduce the evidence through the testimony of the Clewiston police officer involved, the court engaged in the balancing required under Rule 403. The government had introduced evidence of all the defendants' ties to and travels back and forth from Florida; had called into question the source of large amounts of cash witnesses testified having seen defendant with; and had produced evidence of defendant's involvement with distributing crack cocaine. This court found that evidence of the traffic stop was relevant and probative to the extent defendant was shown to be in possession of drugs and made statements against his interest about his

-4-

involvement in distributing drugs. The scope of the officer's testimony was limited to this information. The court disallowed evidence surrounding the circumstances of the stop and the defendant's possession of a firearm and marijuana as irrelevant and prejudicial. For the reasons set out in the record, the court finds that the evidentiary rulings were proper, and that defendant is not entitled to a new trial on this ground.

**C.     Evidence of Identity**

At the close of the government's evidence on December 9, 2008, defendant moved for a judgment of acquittal on the ground that, *inter alia*, the government had failed to establish defendant's identity. He raised that argument again at the close of all the evidence, and argued it to the jury.

Defendant's identity was an issue at trial. There were numerous witnesses who had identified defendant to law enforcement during the course of the investigation or in pre-trial interviews. At trial, the witnesses were able to identify defendant, and to use photographs in order to identify defendant and other participants for the jury. A number of law enforcement officers likewise made identifications of defendant related to activities they witnessed. The government presented photographs, as well as video and audio footage to the jury. Defendant, through cross-examination and otherwise, was able to challenge these identifications.

The argument goes to the weight of the evidence. Defendant was able to, and did, make arguments regarding failure to establish identity to the jury, but the jury nevertheless found there was sufficient evidence to find defendant guilty beyond a reasonable doubt. The court finds that defendant is not entitled to a new trial on this ground.

**D.     Sufficiency of the Evidence**

The court also rejects defendant's argument that the evidence was insufficient or that the

verdicts were against the weight of evidence. The evidence presented at trial was sufficient to support the jury's finding that defendant was guilty of participating in a conspiracy as charged in the Third Superseding Indictment. This case involved controlled buys of crack cocaine from various locations in Lawrence, Kansas. The jury saw video recordings of these buys, and were able to identify the individuals in those videos. The jury heard audio recordings of calls setting up these buys, and were able to identify—and heard testimony concerning—the individuals speaking. The jury heard evidence that defendant's brother, Johnnie Williams, and his girlfriend lived at 1409 West 22nd Terrace. Evidence was introduced that 1409 West 22nd Terrace was used by Johnnie Williams and others to manufacture, store, and distribute drugs. Witnesses testified to the fact that defendant Zachary Williams was a semi-permanent guest at that house. There was evidence from trash pulls and a search warrant associating defendant Zachary Williams with that residence. Officers also found a digital scale and plastic baggies, which are often used for distribution of drugs. At least one witness said she knew or had participated in making "runs" with Zachary to deliver drugs. Although the government was not able to introduce cocaine or cocaine base actually recovered from defendant, the evidence supported the finding of defendant's involvement in the alleged conspiracy, and the drug quantity that the jury attributed to that conspiracy was not against the weight of evidence presented at trial.

The court concludes that the verdict was not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Champion Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir. 1967).

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 404) is denied.

-7-

Dated this <u>12th</u> day of March, 2009, at Kansas City, Kansas.

**<u>s/ Carlos Murguia</u>**
**CARLOS MURGUIA**
**United States District Judge**
