# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
) CRIMINAL ACTION
v. )
) No. 06-20047-04-CM
)
ZACHARY L. K. WILLIAMS, )
)
      Defendant. )
)

## ORDER

On December 16, 2008, a jury convicted defendant Zachary L. K. Williams of the three counts against him in the Third Superseding Indictment. (Doc. 399.) These convictions included one count of conspiracy to manufacture, distribute and possess with intent to distribute more than fifty grams of cocaine base, or "crack" cocaine; and two counts of possession with intent to distribute cocaine base, "crack." (Doc. 404). He was sentenced to 210 months imprisonment for each count, to run concurrently. (Doc. 505). The Tenth Circuit affirmed the convictions on appeal. *United States v. Williams*, 400 Fed. App'x 401, 2010 WL 4263388 (10th Cir. Oct. 29, 2010).

Before the court is Mr. Williams' *pro se* "Request for Authorization for Attorney to Produce all Court Documentation, Transcript etc" (Doc. 530). In his motion, Mr. Williams asserts that he is aware he has a deadline for filing a motion pursuant to 28 U.S.C. § 2255 and "has been trying for months to receive [his] trial transcript from [his attorney]." (Doc. 530, at 1.) He includes copies of correspondence between himself and his attorney's office, and between himself and court staff trying to accomplish this goal. (Doc. 530-1.)

Mr. Williams asks the court to assist him in getting copies of his transcripts from his

attorney. The court would note that, if an indigent § 2255 defendant demonstrates to the court that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit, then defendant is entitled to have the government pay the fees for a copy of his transcript. 28 U.S.C. § 753(f). Section 753(f) is construed to require that the defendant show "particularized need" for the transcript. *See Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).

The instant motion does not seek 753(f) relief. Defendant shows no particularized need in the instant motion, nor does he touch at all on the merits of any future § 2255 motion. In fact, it is not clear what transcripts or documentation he is specifically seeking.

However, from this court's review of the docket sheet in Mr. Williams' case, it appears that transcripts of the December 2008 trial were prepared and were purchased by counsel for Mr. Williams' co-defendants, Johnnie Williams and Terry McIntyre. (Docs. 481–82, 484–97, 499.) Transcripts for the first trial in April 2008 (Docs. 475–80) as well as for a motions hearing (Doc. 520) and Mr. Williams' sentencing (Doc. 517) have also been prepared. All of these documents are available on PACER for a fee.

Moreover, the court understands that Mr. Williams' trial and appellate attorney, Robb Edmonds, is in possession of copies of at least some of these transcripts.[1] If Mr. Edmonds possesses copies of the transcripts Mr. Williams seeks, by this order he is authorized to provide Mr. Williams with copies of all or any portion of the transcripts Mr. Williams requests. Mr. Williams should contact Mr. Edmonds' office in order to obtain any necessary transcripts. Mr. Williams is advised, however, that any costs incurred by making and providing such copies will be at <u>Mr. Williams'</u>

---

[1] The court believes Mr. Edmonds possesses copies of the transcript from the first trial, and some portions of the second trial transcript that were relevant to Mr. Williams' appeal.

expense. *See United States v. Lacey*, No. 89-10054-01-SAC, 1999 WL 316904, * 2 (D. Kan. Apr. 14, 1999).

**IT IS THEREFORE ORDERED** that Request for Authorization for Attorney to Produce all Court Documentation, Transcript etc (Doc. 530) is granted in part and denied in part.

Dated this 1st day of June 2011, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**