IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case Nos.   06-20047-04-CM (Criminal) |
| | ) 12-2059-CM (Civil) |
| ZACHARY L.K. WILLIAMS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the court is a motion for extension of time to file a memorandum in support of motion to vacate and for transcripts (Doc. 548) filed pro se by defendant Zachary L.K. Williams. Defendant filed his motion to vacate under 28 U.S.C. § 2255 (Doc. 547) on January 30, 2012. He filed his motion for extension of time on the same day. The court entered a text order (Doc. 550) requiring the government to respond to both defendant's motion to vacate and motion for extension of time by April 11, 2012. The government asked for and received an extension of time to respond until April 18, 2012, and it filed its response on that day. In his motion for extension of time, defendant asks for a ninety-day extension to file a supporting memorandum of law to his §2255 motion. He also asks for copies of his grand jury transcripts. Defendant's motion is granted in part and denied in part as set out below.

Defendant's motion stated that he needed the ninety-day extension because he was waiting to receive his trial transcripts. As more than ninety days have passed since defendant filed his motion,

-1-

the court assumes that defendant has received the transcripts by now.  Thus, the court will grant defendant an extension of thirty days to file his memorandum in support of his § 2255 motion, due on or before January 14, 2013.  The government's response is due on or before thirty calendar days from the date defendant's memorandum is filed.  No reply shall be filed.  Defendant's request for an extension of time is granted.

Defendant's motion also asks the court to provide him with a copy of defendant's grand jury transcripts.  In support of his request, defendant states that Detective "Mike McAtee admitted [at trial] during cross-examination by my lawyer that his testimony before the grand jury was inconsistent" and that "the CI Lolester Mitchell admitted during his [trial] testimony that he did not know me."  (Doc. 548 at 1.)  Under Federal Rule of Criminal Procedure 6, a court may authorize disclosure of a grand jury transcript "preliminarily or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(i)–(ii).

Secrecy is essential to the proper functioning of the grand jury system.  *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).  The Tenth Circuit has found a presumption against disclosure unless the moving party meets the test established in *Douglas Oil*.  *In re Lynde*, 922 F.2d 1448, 1451–52 (10th Cir. 1991).  Most importantly, the moving party must demonstrate a particularized need for the disclosure.  *Id*. at 1452 (citations omitted).  The *Douglas Oil* factors require the moving party to show that "the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed."  *Id*. (citing *Douglas Oil*, 442 U.S. at 222).  Further, the court has great discretion in deciding whether or not to disclose grand jury transcripts.  *Douglas Oil*, 441 U.S. at 223 ("Moreover, we emphasize that a court called upon to

determine whether grand jury transcripts should be released necessarily is infused with substantial discretion.").

Here, defendant has failed to meet the high burden required to disclose the grand jury transcripts. First, defendant has not demonstrated a particularized need. Defendant merely states that Detective McAtee's testimony was inconsistent, and that Mitchell admitted that he did not know defendant. Defendant does not state how the transcripts will assist him in filing his memorandum in support of his § 2255 motion. Although defendant's request mentions only the transcripts of Detective McAtee and Mitchell, defendant has failed to show that the material will help him to avoid a possible injustice in his § 2255 proceeding. *See United States v. Williams*, 180 F. App'x 108, 109–10 (11th Cir. 2006) (denying request for grand jury transcripts because the defendant failed to show how the requested grand jury transcripts supported his claim for relief). Defendant also failed to address why the need for disclosure is greater than the need for continued secrecy.

Moreover, the court has reviewed the trial testimony of both Detective McAtee and Mitchell and finds that defendant's claims regarding these two witnesses are unsupported by the record. During cross-examination by defendant's attorney (Mr. Edmonds), Detective McAtee did admit that some information in the affidavit he completed to obtain a search warrant was not consistent with the trial testimony of Lester Campbell, a confidential informant. (Doc. 494 at 99–110.) Contrary to defendant's claims, however, Detective McAtee did not admit that his grand jury testimony was inconsistent. The attorney for codefendant McIntyre (Mr. Toth) did attempt to illustrate an inconsistency in Detective McAtee's grand jury testimony; nonetheless, the content of this testimony had nothing to do with defendant. (Doc. 494 at 90–93.)

In addition, a review of Mitchell's trial testimony does not reveal a statement by him that he did not know defendant. Instead, Mitchell stated that he saw defendant at a concert and that Mitchell

-3-

was in the same pod with defendant at some point during Mitchell's incarceration.  (Doc. 493 at 6, 17.) Thus, even if defendant had facially met the requirements to obtain disclosure, his claims regarding the content of the trial testimony of both witnesses are unsupported by the record and cannot support disclosure.  Defendant's request for grand jury transcripts is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for Extension of Time to File a Memorandum in Support of Motion to Vacate and for Transcripts (Doc. 548) is granted in part and denied in part as set out above.

**IT IS FURTHER ORDERED** that defendant's Memorandum in Support of Motion to Vacate is due on or before January 14, 2013.  The government's response is due on or before thirty calendar days from the date defendant's memorandum is filed.  No reply shall be filed.

Dated this <u>14th</u> day of December, 2012, at Kansas City, Kansas.

      s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**